IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 94-60860

Summary Calendar

MICHAEL S. FAWER,
A Professional Law Corporation

Plaintiff-Appellee,

versus

DONALD S. EVANS,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Mississippi
(1:89-CV-835-RR)

(October 11, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA Circuit Judges.

PER CURIAM:[*]

Donald Evans appeals the district court's judgment awarding recovery to Michael S. Fawer, A Professional Law Corporation, on the basis of quantum meruit. We affirm.

Fawer was hired by Donald's father, Wilson Evans, to defend both Wilson and Donald in a criminal action brought by the United States Government upon a seventeen-count indictment. Only four of

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

the seventeen counts contained allegations against Donald: Three counts were against both Donald and Wilson, one was against only Donald, and thirteen were against only Wilson. Approximately two weeks after the criminal trial commenced, Fawer obtained a judgment of acquittal in favor of Donald. Subsequently, after Wilson declared bankruptcy and had his debt to Fawer discharged, Fawer sued Donald to recover legal fees for representing Donald. The district court concluded that Fawer was entitled to a quantum meruit award of $28,921.44 for legal services rendered to Donald.

We review findings of fact for clear error and conclusions of law de novo. First, we decide whether Fawer was entitled to any award. In Mississippi, quantum meruit recovery "may be premised either on express or `implied' contract, and a prerequisite to establishing grounds for quantum meruit recovery is [a] claimant's reasonable expectation of compensation." Estate of Johnson v. Adkins, 513 So.2d 922, 926 (Miss. 1987). "A recovery for services rendered on a quantum meruit basis is permitted because the law will imply a contract to pay for services where the circumstances are such as to warrant an inference of an understanding by the person performing the work, that the person receiving the services, intends to pay for it." Kalavros v. Deposit Guaranty Bank & Trust Co., 158 So.2d 740, 744 (Miss. 1963). Although the district court found that Fawer and Donald had not entered into a contract, it also found that Donald's conduct demonstrated that Donald knew that Fawer was representing him and that he or someone else would owe a fee to Fawer. Our review of the record persuades us that these

2

findings were not clearly erroneous.  Donald does not deny that he was aware that he was receiving legal services from Fawer, but insists that his father had sole responsibility for payment of their legal fees; Donald thus suggests that he was absolved of any obligation to pay for Fawer's services even if his father failed to pay.  We disagree.  Since Donald knew that he was being defended by Fawer and that Fawer expected to be paid for his services, the district court could have concluded that Donald knew that his father's nonpayment, rather than resulting in free legal services for Donald, might obligate Donald to be responsible for his share of the legal fees.  Hence, we agree with the district court that Fawer can recover on a theory of quantum meruit.

Second, we decide whether the amount of the district court's award was appropriate.  "The measure of recovery in quantum meruit is the reasonable value of the materials or services rendered." Estate of Johnson, 513 So.2d at 926.  As most of Fawer's billings reflected work done on behalf of Wilson and Donald together, Fawer was unable to itemize separate amounts attributable solely to his representation of Donald.  Accordingly, the district court adopted an alternate method for computing Fawer's award.  Accounting for payments made, the court determined that the total amount that Wilson and Donald Evans still owed to Fawer was $152,916.  From this total, the court subtracted $30,000, the estimated fees that accrued after Donald's acquittal, leaving $122,916 attributed to Donald and Wilson together.  The court then divided this $122,916 by seventeen to obtain a per-count figure of $7,230.36, which was

3

multiplied by four -- representing the number of counts containing allegations against Donald -- to obtain an award of $28,921.44 in favor of Fawer for legal services rendered to Donald.

We are satisfied that the district court's analysis produced a fair award for Fawer. That there is difficulty in allocating legal fees among multiple clients ought not bar an attorney from receiving the reasonable value of services rendered to a nonpaying client who benefited from the attorney's efforts. Ultimately, the district court must make a judgment call in calculating a quantum meruit award in the face of such uncertainty, and we cannot say that the district court's judgment in this case warrants reversal.

The peril confronting a criminal defense lawyer is that his clients frequently may not be the most reliable obligors. Cash in advance is a solid method for dealing with this concern.

AFFIRMED.

4